**Signed and Filed: October 13, 2020**

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

BANKRUPTCY CENTER OF
JOHN D. RAYMOND
JOHN D. RAYMOND, ESQUIRE
STATE BAR NO. 129599
2000 VAN NESS AVENUE, STE. 205
P.O. BOX 642535
SAN FRANCISCO, CA 94164-2535

TEL: (415) 351-2265

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| In Re:<br>TRACI R. DONALDSON,<br><br><br>     Debtor(s). | Chapter 13<br>Case No. 20-30701 HLB<br><br>ORDER ON STIPULATION ON MOTION TO VALUE LIEN WITH CARVANA, LLC d/b/a BRIDGECREST FINANCIAL |
| --- | --- |

IT IS HEREBY ORDERED THAT

The Stipulation entered into by and between Traci R. Donaldson (hereinafter referred to as "Debtor"), by and through her attorney of record, John D. Raymond, Esq., and Carvana, LLC d/b/a Bridgecrest Financial (hereinafter referred to as "Creditor"), by and through its representative, Adam Thursby, Esq.

**WHICH STATED**

Debtor owns a 2016 BMW 328 which serves as collateral for a debt he owes the Creditor.A.

On Sept. 4, 2020, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, and was assigned Case No. 20-30701 HLB.

Case: 20-30701   Doc# 40   Filed: 10/13/20   Entered: 10/13/20 16:43:53   Page 1 of 3

B.　　Also on Sept. 4, 2020, Debtor filed a Motion to Value against Creditor praying that the court find the collateral securing Creditor's Claim was valued at Nineteen Thousand Seven Hundred Twenty-Five ($19,730.79) Dollars and Seventy-Nine Cents and that any part of its claim in excess of that amount be treated as a general unsecured claim.

**THE PARTIES HEREBY STIUPLATE AND AGREE AS FOLLOWS:**

1. Creditor's claim shall be allowed as a secured claim for Twenty Thousand Eight Hundred Seventy-Six ($20,876.03) Dollars and Three Cents and any portion of its claim in excess of this amount be treated as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtor's Chapter 13 Plan;

2. The avoidance and release of Creditor's Lien on Title is contingent upon the Debtor's completion of her Chapter 13 plan and the Debtor's receipt of a Chapter 13 discharge;

3. Creditor shall retain its lien for the full amount due under the Subject Loan should the Subject Property be sold prior to the Chapter 13 Plan completion and entry of a Chapter 13 Discharge.

4. Creditor shall retain its lien for the full amount due under the Subject Loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

**IT IS HEREBY APPROVED.**

**\* \* \* END OF ORDER \* \* \***

Approved as to Form and Content

Dated:　Oct. 12, 2020　　　　/s/ Adam Thursby_____
　　　　　　　　　　　　　　ADAM THURBY, ESQ.
　　　　　　　　　　　　　　Representative of Creditor

Case: 20-30701　　Doc# 40　　Filed: 10/13/20　　Entered: 10/13/20 16:43:53　　Page 2 of 3

COURT SERVICE LIST

None